UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RENATA ROCHELLE FOREMAN                          CIVIL ACTION

VERSUS                                           NO. 23-0817

UNITED STATES MARSHAL'S SERVICE                  SECTION "M" (2)
(MIDDLE DISTRICT OF LOUISIANA
CHIEF JUDGE DICK'S WHOLE
SECURITY DETAIL), ET AL.

## REPORT AND RECOMMENDATION

Plaintiff Renata Rochelle Foreman filed a complaint (ECF No. 6) pursuant to 42 U.S.C. § 1983, which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Foreman is a federal inmate convicted in the Middle District of Louisiana, with Chief Judge Dick presiding over the jury trial, on three counts of wire fraud and three counts of aggravated identity theft for which she was sentenced to serve 111 months in prison.[1]  She is currently incarcerated in FCI Aliceville in Alabama.[2]  Plaintiff filed this *pro se* and *in forma pauperis* complaint pursuant 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against the following defendants: United States Marshal's Service for the Middle District

---

[1] *See United States v. Foreman*, No. 17cr119, 2019 WL 3976171, at 1 (M.D. La. Mar. 15, 2019) (Criminal Judgment), *aff'd*, 797 F. App'x 867 (5th Cir. 2020).

[2] ECF No. 19, ¶II, at 2.

of Louisiana as security detail for Chief Judge Dick; FBI Agents Josh Wilburn, Stephanie Hanson, and Thomas Gohkey; Agent DOL-OIG[3] Michael Greer; Hon. Shelly D. Dick, Chief Judge of the United States District Court for the Middle District of Louisiana; and Magistrate Judges Janis Van Meerveld and Karen Wells Roby of the United States District Court for the Eastern District of Louisiana.[4]

### A.      Complaint and Supporting Memorandum[5]

Foreman alleges that U.S. Marshals in the Middle District, as security detail for Chief Judge Dick, contacted officials at FCI Aliceville and had Foreman placed in a Special Housing Unit ("SHU") with an increased custody level because Plaintiff allegedly made threats toward Chief Judge Dick on November 2, 2022.[6]  She contends that the Marshal's contact was made without first notifying her that she was the target of an investigation.[7]  She remained in SHU with "Camper/Camp Status" until February 10, 2023, even though the Special Investigative Services ("SIS") purportedly determined in December of 2022 that there was no threat made, only the use of disrespectful language.[8]  Foreman also claims that Agents Wilburn, Gohkey, Hanson, and Greer violated her Fourth Amendment rights when they exceeded the scope of a residential search warrant to seize evidence and committed other unspecified violations during her underlying criminal case.[9]

---

[3] Greer is alleged to be an agent with the Office of Inspector General for the U.S. Department of Labor.
[4] ECF No. 6, ¶III(B-I), at 4; ECF No. 19-1 at 1-2.
[5] Before this case was opened, Foreman submitted four amended complaints (ECF Nos. 5, 8, 14, 16) which remain deficient for lack of signature or failure to seek leave of court.  The documents are essentially copies of the original complaint (ECF No. 19) or the memorandum in support (ECF. No. 19-1).  Foreman's third proposed amendment also includes copies of administrative grievance forms from FCI-Aliceville.  ECF No. 14 at 3-7.  I have reviewed the deficient documents.  Even if properly filed, they would not change my findings and recommendations in this report.
[6] *Id*., ¶IV, at 4; ECF No. 19-1 at 2.
[7] *Id*. at 3 (Facts).
[8] ECF No. 19, ¶IV, at 4; ECF No. 19-1 at 3 (Facts).
[9] ECF No. 19, ¶IV, at 4.

In her memorandum attached to the complaint, Foreman explains that Agent Wilburn testified at her criminal trial regarding evidence, including her phone, that he and Agents Greer and Gohkey seized from her person or car after executing a search warrant for her mother's "premises/house" in Tangipahoa Parish.[10]  She claims that the February 1, 2017, search was illegal because the warrant was for her mother's house, not her or her car.[11]  She also claims that the warrant amounted to double jeopardy with a venue error because the crime took place in New Orleans.[12]  She further claims that Agents Hanson and Greer interviewed her former wife, Shanita, who confessed to committing the crimes and exonerated Foreman.  The agents, however, neglected to charge Shanita, and Foreman's counsel never called Shanita to the stand to exonerate her.

Foreman asserts that Chief Judge Dick allowed Foreman to be convicted and sentenced to 111 months despite her alleged knowledge of the foregoing assertions.[13]  She claims Chief Judge Dick also knew that Foreman was residing in a federal halfway house in New Orleans because of a prior offense.  The prosecution would not let the staff members from the halfway house testify on Foreman's behalf.  She also claims that Chief Judge Dick should have recused herself because the crime victim was the Judge's former employer, the Louisiana Workforce Commission.[14]

Plaintiff claims that Magistrate Judge Van Meerveld was chosen by Chief Judge Dick to preside over Foreman's civil case against Chief Judge Dick.  She asserts that Magistrate Judge Van Meerveld appeared biased against her due to her actions against Chief Judge Dick.[15]  Foreman felt that Magistrate Judge Van Meerveld argued on behalf of the defendants in that case.  Foreman

---

[10] ECF No. 19-1 at 1, 2-3.
[11] *Id*. at 3-4 (Facts).
[12] *Id*. at 1, 2, 4.
[13] *Id*. at 1, 4.
[14] *Id*. at 1, 3, 4.
[15] *Id*.

also named Magistrate Judge Roby because she was the judge who issued the search warrant for her mother's home in New Orleans and could attest to its contents.[16]

Foreman asserts that she has named each defendant in their official and individual capacities. She seeks $10 million in monetary damages for the "recent infraction" and for her wrongful conviction and imprisonment due to defendants' negligence.[17] She wants Chief Judge Dick to explain whether she instructed, ordered, or requested the Marshals to contact FCI-Aliceville to have her moved to SHU due to threats toward Chief Judge Dick. She also seeks an explanation from Magistrate Judge Roby about the contents of the search warrant for her mother's home when agents had already seized her phone from her person and other items from her car. She also requests that Magistrate Judge Van Meerveld explain why she was "handpicked" by Chief Judge Dick to preside over Foreman's prior case against Chief Judge Dick.

**B.    Foreman's Civil Rights Suits in the Middle District**

**1.    *Foreman v. Dick*, Civ. Action 3:22cv0467 (M.D. La.)**

On July 11, 2022, Foreman filed a civil rights complaint in the Middle District of Louisiana against Chief Judge Dick, numerous federal agents including Agents Greer, Hanson, and Wilburn, and her criminal defense attorneys.[18] Relevant here, Foreman alleged in that case that Chief Judge Dick should have recused herself from Foreman's criminal proceedings because of her prior role as Administrative Law Judge for the Louisiana Workforce Commission.[19] She further asserted that Chief Judge Dick was withholding rulings on post-conviction motions so that the statute of

---

[16] *Id*. at 1, 3.
[17] ECF No. 19, ¶V, at 5.
[18] *Foreman v. Dick*, Civ. Action 3:22cv0467 (M.D. La.), ECF No. 1 (original complaint); *id*., ECF No. 26 (Amended and Superseding Complaint).
[19] *Id*., ECF No. 26 at 1; *id*., ECF No. 28 at 2.

limitation would run before she could file a motion under 28 U.S.C. § 2255.[20]  Foreman also claimed that the federal agents Greer and Wilburn, exceeded the scope of the search warrant for her mother's home when they seized Foreman's phone from her person and searched her car, and Greer and Hanson ignored the confession and exculpatory statements made by Foreman's former spouse, Shanita C. Foreman.[21]  She further asserted that all of the defendants named in that suit conspired with Chief Judge Dick to assure her conviction.[22]

On August 8, 2022, Chief Judge Dick entered an order indicating that, pursuant to 28 U.S.C. § 455(a), all of the district and magistrate judges in the Middle District recused from Foreman's case.[23]  The order also indicated that Senior District Judge Ivan L.R. Lemelle and Magistrate Judge Van Meerveld of this Court had been assigned to the case.[24]  In response, Foreman filed a motion seeking Magistrate Judge Van Meerveld's recusal pursuant to 28 U.S.C. § 455(a), challenging her designation over the case.[25]  Foreman referenced a civil case, *Ruh v. Superior Home Health Care, Inc.*, Civ. Action 15-439 (M.D. La.), over which Chief Judge Dick presided and in which Magistrate Judge Van Meerveld had been defense counsel before taking the bench.  Foreman claims that Magistrate Judge Van Meerveld's designation was payback for her role as defense counsel in the *Ruh* case which ended favorably for her client when Chief Judge Dick granted summary judgment.  Foreman argued that this appointment was to allow the

---

[20] *Id*., ECF No. 26 at 1.
[21] *Id*. at 2 (Statement of Claim Continued); *id*., ECF No. 28, at 2.
[22] *Id*. at 3 (Statement of Claim Continued).
[23] *Id*., ECF No. 3.
[24] *Id*.
[25] *Id*., ECF No. 6, at 1.

Magistrate Judge to "pay that favor back" to Chief Judge Dick.[26]  Magistrate Judge Van Meerveld

denied the motion, finding no grounds for her recusal.[27]

In Magistrate Judge van Meerveld's statutory frivolousness review of that case under 28

U.S.C. § 1915A, Judge Van Meerveld made the following relevant findings:

(1)    Foreman's *Bivens* claims against Chief Judge Dick should be dismissed as
       frivolous.[28]  Foreman's claims fall outside of the three instances recognized
       by the Supreme Court as actionable under *Bivens*.[29]  Even under *Bivens*,
       Chief Judge Dick enjoys absolute judicial immunity for her judicial acts
       regardless of the form of relief sought.[30]  The law does not allow a defendant
       to use a collateral civil action against a judge to challenge an underlying
       criminal conviction;[31] and

(2)    Foreman's *Bivens* claims against the investigating federal agents involved
       in the alleged unlawful search and seizure of evidence used at her trial are
       barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[32]

On November 28, 2022, Judge Lemelle adopted Judge van Meerveld's findings and

dismissed with prejudice Foreman's claims, as recommended.[33]  Foreman has since appealed this

and other post-judgment rulings to the United States Fifth Circuit Court of Appeals.[34]  The appeal

remains pending.

### 2. *Foreman v. Wilburn*, Civ. Action 3:23-0256 (M.D. La.)

Shortly after filing the instant case in the Easter District of Louisiana, Foreman submitted

another § 1983/*Bivens* complaint to the clerk of the Middle District of Louisiana against Agents

Wilburn, Gohkey, Hanson, and Greer.[35]  Foreman alleges that the defendants violated her rights

---

[26] *Id*. at 2.
[27] *Id*., ECF No. 9.
[28] *Id*., ECF No. 28, ¶I, at 6.
[29] *Id*. at 5.
[30] *Id*. at 5-6.
[31] *Id*. at 6-7.
[32] *Id*., ¶II, at 7-9
[33] *Id*., ECF No. 33 (Order); *id*., ECF No. 34 (Judgment).
[34] *Id*., ECF Nos. 43-45.
[35] *Foreman v. Wilburn*, Civ. Action 3:23-0256 (M.D. La.), ECF No. 1.

by securing her conviction and imprisonment through deliberate indifference during the search and seizure of her person and car.[36]  She claims they also violated her constitutional rights to trial and post-conviction remedies through negligence and the recent "infraction" against her at FCI-Aliceville that caused her to remain in SHU for three months and nine days.  She seeks her release from custody and $10 million in damages.[37]  The matter is pending in that court.

## II.    LEGAL STANDARDS

### A.    Statutorily Required Screening

#### 1.  Review for Frivolousness/Failure to State a Claim

As soon as practicable after docketing, the court must review a prisoner's civil rights complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[38]  A claim is frivolous if it "lacks an arguable basis in law or fact."[39]  A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[40]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . .  [or] rise to the level of the irrational or wholly incredible . . . ."[41]  A court may not dismiss a claim simply because the facts are "unlikely."[42]

---

[36] *Id.*, §IV, at 4.

[37] *Id.*; *id.*, §V, at 5.

[38] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).

[39] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[40] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[41] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

[42] *Id.*

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[43]   The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[44]   The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[45]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[46]   Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[47]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under

---

[43] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[44] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

[45] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).

[46] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

[47] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

one rule does not "invariably fall afoul" of the other.[48]  If an *in forma pauperis* complaint lacks

even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[49]

"When a complaint raises an arguable question of law which the district court ultimately finds is

correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however,

dismissal under [§ 1915(e)'s] frivolousness standard is not."[50]

### 2.  Review for Maliciousness

Pursuant to § 1915(e) and § 1915A, a court also shall dismiss a prisoner's complaint as

malicious when it "seek[s] to relitigate claims which allege substantially the same facts arising

from a common series of events which have already been unsuccessfully litigated by the

[prisoner]."[51]  Thus, a duplicative case is malicious "if it involves 'the same series of events' and

allegations of 'many of the same facts as an earlier suit.'"[52]  Moreover, "it is malicious for a pauper

to file a lawsuit that duplicates allegations of another *pending* federal lawsuit by the same

plaintiff."[53]  District courts are "'vested with especially broad discretion' in determining whether

such a dismissal is warranted."[54]

### B.    Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or

statutory rights under color of state law:

---

[48] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[49] *Id.*

[50] *Id.*

[51] *Wilson v. Lynaugh*, 878 F. 2d 846, 850 (5th Cir. 1989).

[52] *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) (quoting *Bailey v. Johnson*, 846 F. 2d 1019, 1021 (5th Cir. 1988)).

[53] *Pittman v. Moore*, 980 F. 2d 994, 995 (5th Cir. 1993) (emphasis added) (internal quotation marks omitted); *see Lewis*, 508 F. App'x at 344; *Bailey*, 846 F. 2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d).").

[54] *Bailey*, 846 F. 2d at 1021.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[55]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[56]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)    deprivation of a right secured by the U.S. Constitution or federal law;
(2)    that occurred under color of state law; and
(3)    was caused by a state actor.[57]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[58] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[59]   "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[60]

## C.    *Bivens* Actions

An action under *Bivens*, 403 U.S. at 397,[61] provides a remedy for victims of constitutional

---

[55] 42 U.S.C. § 1983.

[56] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

[57] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

[58] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).

[59] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

[60] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).

[61] *Bivens* is a counterpart to § 1983, and extends similar protections to parties injured by federal actors.  *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983–the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003).

10

violations by federal government officials in their individual capacities.[62]   The *Bivens* holding "affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the U.S. Constitution."[63]   To state a *Bivens* claim, a plaintiff must plead a deprivation of statutory or constitutional rights by a federal officer acting under color of federal law.[64]

While a *Bivens* action is considered the federal analog to suits brought against state officials under § 1983,[65] the Supreme Court has made clear that *Bivens* mirrors, but is *not* to be broadly construed to create rights of actions in the same manner as, the statutory provisions in § 1983.[66] The Supreme Court has reiterated that *Bivens* claims may not be implied under contexts not previously recognized by the Court.[67]   The Supreme Court has limited *Bivens* claims to the only three circumstances to support a private right of action against federal officers for constitutional violations:

> (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980).[68]

The Supreme Court has made clear that extending *Bivens* to new contexts is a "'disfavored' judicial activity," and the Supreme Court has strongly counseled against it.[69]

---

[62] *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).

[63] *Abate v. So. Pac. Transp. Co.*, 993 F.2d 107, 110 (5th Cir. 1993).

[64] *See Bivens*, 403 U.S. at 397.

[65] *Hartman v. Moore*, 547 U.S. 250, 258 (2006).

[66] *See Ziglar v. Abbasi*, 582 U.S. 120, 131-135 (2017).

[67] *Id*. at 135; *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020).

[68] *Oliva*, 973 F.3d at 442 (some internal citations omitted).

[69] *Abassi*, 582 U.S. at 135 (quoting *Iqbal*, 556 U.S. at 675); *Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020).

III.    **ANALYSIS**

A.    **No Basis for § 1983 Action Asserted**

Foreman invokes § 1983 as a basis for her claims in this civil action.  However, she has named as defendants the United States Marshal's Service for the Middle District of Louisiana, three FBI agents, a federal OIG agent, and three federal judicial officers.  Section 1983, however, does not provide a cause of action against *federal* officials acting under color of federal law.[70]

A review of Foreman's claims fails to reveal any basis for a § 1983 claim against the named *federal* defendants.  She has not alleged that any defendant was acting under color of state law.  Her invocation of § 1983 as a means for relief is legally baseless, and her complaint otherwise fails to state a cognizable claim for which relief could be granted under § 1983.  Her § 1983 claims must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

B.    **Official Capacity Claims not Allowed under *Bivens***

While § 1983 does not provide a basis for claims against federal officers, *Bivens* does. *Bivens* provides a cause of action against federal agents in their individual capacities and requires a showing of personal involvement.[71]  Notably, Foreman asserts that she has named the U.S. Marshal's Service, the federal agents, and the federal judicial officers each in an official and individual capacity.  A *Bivens* claim, however, only provides a cause of action against federal officers acting in their *individual* capacity.[72]

---

[70] *Roots v. Callahan*, 475 F.2d 751, 752 (5th Cir. 1973).
[71] *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).
[72] *Malesko*, 534 U.S. at 70.

A suit against a federal official in his or her official capacity, or one against the federal agency itself, like the U.S. Marshal's Service, is construed as a suit against the United States of America.[73]  However, suits against the United States of America are barred under the doctrine of sovereign immunity unless there is consent.[74]  Foreman has not alleged, and this court is unaware of, any such consent by the federal government to permit suits against it under *Bivens* for alleged constitutional violations of the type alleged by Foreman.  For this reason, any claim against the U.S. Marshal's Service and the federal agents and judicial officers in their *official* capacities is frivolous and otherwise fails to state a claim for which this court can grant relief.[75]  The claims official capacity *Bivens* claims must be dismissed with prejudice.

### C.    Individual Capacity Claims

#### 1.    Maliciousness

Under a broad reading, Foreman arguably presents a collateral attack and/or request for this court to review anew her claims, proceedings, and rulings in her earlier filed Middle District of Louisiana case, Civil Action 3:22-0467.  To the extent she seeks such relief, this court lacks subject matter jurisdiction to review the judgments of another federal district court because that review is squarely within the province of the appellate courts.[76]

---

[73] *Id*. at 71; *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official . . .")

[74] *See Malesko*, 534 U.S. at 71 (allowing a *Bivens* suit against a federal agency because Congress had consented to suits against the agency).

[75] *See Hooker v. Supreme Court United States*, No. 04-3454, 2005 WL 8173979, at 3 (E.D. La. May 27, 2005) (granting Supreme Court's motion for dismissal for lack of jurisdiction).

[76] *See* 28 U.S.C. § 1291 ("The court of appeals ... shall have jurisdiction of all appeals from all final decisions of the district courts of the United States . . ."); *see Jones v. United States*, No. 20-CV-2331, 2021 WL 1581773, at *14 (W.D. Tenn. Jan. 26, 2021) (district court lacked jurisdiction to review plaintiffs' lawsuit finding it to be "nothing more than a horizontal appeal taken to a district court of another district court's decision") (citation and internal quotation marks omitted); *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) ("A federal district court lacks jurisdiction to review decisions of other federal courts."); *Klayman v. Kollar-Kotelly*, No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013) ("[T]his court has concluded that one district court does not have jurisdiction to review the decisions of another district court or federal appellate court.").

Furthermore, just as she did in her 2022 Middle District case, Foreman has again asserted the same and related claims against Agents Wilburn, Hanson, Gohkey, and Greer arising from the search of and seizure from her person and car, and perhaps her mother's home, and their roles in the investigation and prosecution of the federal charges against her.  Foreman also again asserts the same and related claims against Chief Judge Dick of bias and other grounds in relation to Foreman's criminal proceedings and current post-conviction matters.  She further challenges Magistrate Judge Van Meerveld's failure to recuse herself from the prior 2022 civil proceeding based on Foreman's repeated claims of bias, "hand selection," and favoritism between the Magistrate Judge and Chief Judge Dick, which was an issue addressed by motion in the 2022 case.

As detailed above, in the prior case, Foreman's claims against the federal agents were dismissed with prejudice pursuant to the *Heck* doctrine.  Foreman's claims against Chief Judge Dick were dismissed with prejudice under the absolute judicial immunity doctrine.  In addition, the motion to recuse Magistrate Judge Van Meerveld was denied finding Foreman's supporting reasons baseless.  These claims and rulings are currently on appeal before the United States Fifth Circuit.

Because Foreman's claims in great part have been resolved by another court, they are successive to that prior case.  The Fifth Circuit has long held that filing a successive civil action that duplicates claims in a previous lawsuit qualifies as malicious under the screening statute.[77] That the prior case may have involved different defendants does not affect the maliciousness of a

---

[77] *See Bailey*, 846 F. 2d at 1021.

successive action.[78]  Likewise, the assertion of a new claim in a successive complaint that arises from the same allegations of a prior complaint is also considered a malicious.[79]

Foreman has again included in her successive complaint the same and related claims, arguments, and/or grounds for recusal against these defendants that were addressed and resolved against her in the prior Middle District of Louisiana case, Civ. Action 3:22-0647.  The judgment of dismissal in that case is still pending on appeal before the United States Fifth Circuit, which also renders this complaint successive and malicious.  Thus, under the foregoing considerations, Foreman's claims against Agents Wilburn, Hanson, Gohkey, and Greer, Chief Judge Dick, and Magistrate Judge Van Meerveld, and arguably Magistrate Judge Roby as part of his challenge to the search warrant, are malicious and should be dismissed with prejudice for that reason.

### 2.  Absolute Judicial Immunity

Out of an abundance of caution and to the extent Foreman has included new and/or unrelated claims in her current complaint, I provide alternative grounds for dismissal of her claims, even if successive and malicious, in the remainder of this Report.

Foreman has identified three federal judges in her complaint, purportedly arising under *Bivens*.  *Bivens*, however, does not extend to "new contexts" that are "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court."[80]  Foreman's claims against Chief Judge Dick and Magistrate Judges Van Meerveld and Roby meaningfully differ from those recognized in prior *Bivens* cases referenced above.  None of those cases addresses claims against a federal judge for their role and rulings in criminal or civil proceedings, nor does any case address

---

[78] *See id.*
[79] *See Potts v. Tex.*, 354 F. App'x 70, 71 (5th Cir. 2009).
[80] *Butler v. Porter*, 999 F.3d 287, 294 (5th Cir. 2021), *cert denied*, 142 S. Ct. 766 (2022) (quoting *Abbasi*, 137 S. Ct. at 1864).

a claim against a federal judge for signing of a search warrant.  Because Foreman's claims involve new theories of liability against a new category of defendant, they arise in a new context.[81]

To determine whether the court should consider extending *Bivens* to this new context, the court may consider "whether there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy, and whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed."[82]  Congress has not passed legislation that would extend *Bivens* to situations even remotely similar to Foreman's claims against these judges.  Doing so here would be in tension with principles of absolute judicial immunity (addressed below), which Congress has statutorily extended beyond monetary relief to also prohibit suit for injunctive and declaratory relief.  Under this guidance, it does not appear that Foreman has a cognizable claim under *Bivens* against these judicial officers.

Even if a federal judge could be sued in a *Bivens* action, "[a] judge generally has absolute immunity from suits for damages."[83]  It is well established that judges enjoy absolute judicial immunity from suits for damages for all judicial acts except those undertaken with a "clear absence of all jurisdiction."[84]  Federal courts have applied this to suits brought under *Bivens*.[85]  An act is judicial for purposes of this analysis, based on "the nature of the act itself."[86]  Courts broadly

---

[81] *See, e.g., Rote v. Committee on Jud. Conduct and Disability of Jud. Conf. of United States*, 577 F. Supp. 3d 1106, 1137-38 (D. Or. Dec. 30, 2021) (finding *Bivens* claims against federal judges were not cognizable because they arose in new context and there were reasons counseling against extending *Bivens* to the new context).

[82] *Hernandez*, 140 S. Ct. at 743 (internal quotation marks omitted) (quoting *Abbasi*, 137 S. Ct. at 1858); *see also Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020) (citation omitted).

[83] *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (citations omitted).

[84] *Stump v. Sparkman*, 435 U.S. 349, 356-57, 362 (1978); *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *Morrison v. Walker*, 704 F. App'x 369, 372–73 (5th Cir. 2017).

[85] *Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012).

[86] *Stump*, 435 U.S. at 362; *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

construe the acts of judicial officers in favor of immunity.[87]  The judicial officer's immunity will not be overcome by mere allegations of "bad faith or malice."[88]

The federal courts also have extended this absolute judicial immunity to *Bivens* suits for injunctive and declaratory relief.[89]  This conclusion derives from policy considerations as well as congressional amendments to § 1983 which extend judicial immunity to injunctive relief unless a declaratory decree was breached.[90]  Without an extension of immunity to requests for injunctive and declaratory relief, a disgruntled litigant would be able to effect a "horizontal appeal" or "reverse review" by simply suing judges in separate civil actions.[91]

a.    Chief Judge Dick

Foreman asserts claims against Chief Judge Dick based on rulings made in Foreman's criminal proceedings and post-conviction efforts, as well as a suggestion that Chief Judge Dick had some involvement in the reporting of the threat made by Foreman.  Foreman's claims, therefore, arise from acts that are without doubt judicial in nature.

Certainly, the resolution of Foreman's criminal proceedings were not done in "clear absence of all jurisdiction."[92]  Foreman's complaint and claims for relief amount to the type of improper "horizontal" and "reverse" attack that the courts cited above have condemned, especially considering her request for relief from Chief Judge Dick's rulings.  As Foreman was advised in

---

[87] *Id*. at 515.
[88] *Mireles*, 502 U.S. at 11.
[89] *See, e.g., Thibodeaux v. Africk*, No. 14-921, 2014 WL 3796078, at *3 (E.D. La. July 30, 2014) (citing *Bolin v. Story*, 225 F.3d 1234, 1242-43 (11th Cir. 2000); *Emerson v. United States*, No. 12-884, 2012 WL 1802514, at *3 (E.D. La. Apr. 30, 2012); *Boyd v. Vance*, No. 09-7643, 2010 WL 235031, at *2 (E.D. La. Jan. 13, 2010)); *see also, Doe v. Rivera*, No. 19-151, 2020 WL 5078771, at *6 (N.D. Miss. Aug. 27, 2020) (in addition to immunity from suit for monetary damages, absolute immunity also "extends to *Bivens* claims for injunctive relief.").
[90] *Thibodeaux*, 2014 WL 3796078, at *3 (citing *Wightman v. Jones*, 809 F. Supp. 474, 476-79 (N.D. Tex. Dec. 7, 1992) (holding that in the context of a *Bivens* action, judicial immunity bars both declaratory and equitable relief)).
[91] *Wightman*, 809 F. Supp. at 479.
[92] *See Stump*, 435 U.S. at 362.

her prior case, she may not use a *Bivens* action against Chief Judge Dick as a means to collaterally attack her conviction or any prior judgment issued by Chief Judge Dick or the judges' rulings in her prior civil rights case.[93]

Foreman also may be seeking relief from Chief Judge Dick in connection with the reporting and investigation of the alleged threat made which led to her being moved to SHU at FCI-Aliceville.  The question of "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."[94]  "In circumstances in which a judge reasonably perceives a threat to himself or herself arising out of the judge's adjudicatory conduct, the judge's response, be it a letter to a prosecutor or a call to the Marshal's office for security, is a judicial act within the scope of judicial immunity."[95]  The Second Circuit has explained:

> A judge cannot be expected regularly and dispassionately to make decisions adverse to overtly hostile parties if subsequent actions to protect herself, her staff, and those in her courthouse from such hostility may result in the rigors of defending against - and even the possibility of losing - lengthy and costly litigation.[96]

Chief Judge Dick thus enjoys absolute immunity from any claim by Foreman arising from her reporting of the perceived threat to her or any fallout from the investigation done by the U.S. Marshal's on that perceived threat as her involvement, if any, in the reporting and actions taken as a result of the threat, qualify as judicial in nature.

---

[93] *See Hanna v. United States*, No. 20-30581, 2021 WL 5237269, at *1 (5th Cir. Nov. 10, 2021) (affirming denial of request to amend a complaint to include *Bivens* claims against federal judges who issued judgment against petitioner) (citation omitted).
[94] *Stump*, 435 U.S. at 362.
[95] *Huminski v. Corsones*, 396 F.3d 53, 78 (2d Cir. 2004) (citing *Barrett v. Harrington*, 130 F.3d 257, 259 (6th Cir.1997) (internal quotation marks omitted)).
[96] *Id*.

For the foregoing reasons, the claims against Chief Judge Dick are barred by absolute judicial immunity.  Foreman's claims should be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant.

   b. Magistrate Judge Van Meerveld

Foreman has named Magistrate Judge Van Meerveld as a defendant because Foreman distrusts the allotment of Foreman's prior Middle District civil action to Magistrate Judge Van Meerveld and the reasons given for the Magistrate Judge's denial of the recusal request based on her role in the *Ruh* case before Chief Judge Dick.  In her order, Magistrate Judge Van Meerveld noted that, while she was one of the attorneys for defendant in *Ruh*, she withdrew from the case when she took the bench in June of 2016, which was more than five months before the summary judgment was filed by newly enrolled counsel.[97]  Also, Chief Judge Dick ruled on the motion almost one year after Magistrate Judge Van Meerveld's withdrawal.[98]  Magistrate Judge Van Meerveld also explained that Chief Judge Dick had "no role whatsoever in the selection" of Eastern District of Louisiana judges to be assigned to the case.[99]

Foreman's disagreement with that ruling does not change the fact that she is attempting here to sue Magistrate Judge Van Meerveld for actions taken in her judicial capacity in the prior civil case over which she presided.  This is exactly the type of challenge prohibited by the immunity doctrine and the foregoing case law prohibiting suits against a trial judge as a means of collateral attack on a ruling in another federal case.

---

[97] ECF No. 9, at 2-3.
[98] *Id*. at 3.
[99] *Id*.

The claims against Magistrate Judge Van Meerveld are barred by absolute judicial immunity. Foreman's claims should be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant.

        c.      Magistrate Judge Roby

Foreman also named Magistrate Judge Roby as a defendant, although she asserts no claims against the judge. Instead, Foreman apparently seeks to have Magistrate Judge Roby attest to the scope of the search warrant she signed and which was used by the federal agents in her criminal case. Foreman cannot compel or seek relief against Magistrate Judge Roby related to rulings and actions taken within her judicial capacity. Again, this is prohibited by the immunity doctrine.

The claims against Magistrate Judge Roby are barred by absolute judicial immunity. Foreman's claims should be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant.

      **3.**   ***Heck* Doctrine**

Foreman once again asserts claims against Agents Wilburn, Hanson, Gohkey, and Greer related to the search and seizure of evidence (and related testimony) used against her during her criminal trial over which Chief Judge Dick presided. The validity of her conviction has not changed since Foreman was advised through her Middle District case that she cannot seek relief of this sort until such time that her conviction is overturned or called into question in a manner addressed in *Heck*.

In *Heck*, the Supreme Court held that a plaintiff in a civil rights action under § 1983 may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless she proves "that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[100]  *Heck* applies equally to civil rights actions against federal officials under *Bivens*.[101]  *Heck* was the basis of the dismissal of Foreman's claims in her Middle District case, which is now on appeal.

The same holds true in this successive case against the agents.  Foreman's *Bivens* claims against the agents are *Heck*-barred because the evidence that was a direct or indirect product of the allegedly unlawful search and seizure[102] was presented in Foreman's criminal trial and, by her own admission, was relevant to the conviction.[103]  The Supreme Court has recognized limited instances may exist for a claim that evidence seized in violation of the Fourth Amendment is not barred by *Heck*.[104]  These limited instances are when the improperly seized evidence was not used at trial, was admitted by harmless error, or admitted under an exception to the exclusionary rule.[105]  None of these instances are alleged by Foreman or are apparent from the pleadings.  Furthermore, under *Heck*, damage or injury as a result of a wrongful seizure "does not encompass the 'injury' of being convicted and imprisoned (until his conviction is overturned)," which is the only damage claimed by Foreman as a result of the alleged improper search and seizure.[106]

Nothing has changed in Foreman's case since her *Bivens* claims were previously dismissed with prejudice until the *Heck* conditions are met.  Foreman's conviction has not been overturned

---

[100] *Heck*, 512 U.S. at 486-87 (internal footnote omitted).

[101] *Stephenson v. Reno*, 28 F.3d 26, 27 & n.1 (5th Cir. 1994).

[102] Under the Fourth Amendment, searches must be reasonable and, unless an exception applies, conducted in accordance with a warrant supported by probable cause.  U.S. Const. amend. IV; *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006).  As a general rule, evidence obtained in violation of the Fourth Amendment must be excluded from a criminal trial.  *See United States v. Leon*, 468 U.S. 897, 908-09 (1984) (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)).

[103] *See Blimline v. Thirty Unknown Emps. of the Sec. & Exchange Comm'n*, 757 F. App'x 299, 302 (5th Cir. 2018) (distinguishing application of *Heck* to admitted relevant evidence and evidence not used or improperly admitted).

[104] *Heck*, 512 U.S. at 487 n.7.

[105] *Id*.; *Blimline*, 757 F. App'x at 302.

[106] *Id*. (internal citations omitted).

21

or questioned in any of the ways addressed in *Heck*.  Thus, in addition to being malicious, Foreman's *Bivens* claims against Agents Wilburn, Hanson, Gohkey, and Greer must be dismissed with prejudice until such time as the *Heck* conditions are met.[107]

### 4.   Reclassification at FCI-Aliceville

Foreman challenges the U.S. Marshals' actions in connection with their reporting and investigation of an alleged threat against Chief Judge Dick.  The Marshal's reporting allegedly resulted in Foreman placement in SHU for 90 days, even though she believes the prison resolved that there had been no threat.  Foreman has not named the individual marshals, and fails to state a claim for which relief can be granted.

The duties of the federal marshals include "[a]dministration and implementation of courtroom security requirements for the Federal judiciary" and "[p]rotection of Federal jurists."[108] Reasonable actions taken by the Marshal in connection with a perceived threat to a district judge do not violate a clearly established right.[109]  Without a violation of a clearly established right, Foreman cannot state a viable *Bivens* claim.

Furthermore, the law is clear that an inmate, like Foreman, does not have a protected property or liberty interest in their custodial classifications.[110]  The Constitution itself "does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."[111]

---

[107] *Welsh v. Correct Care Recovery Sols.*, 845 F. App'x 311, 316 (5th Cir. 2021) ("[a] preferred order of dismissal in Heck cases decrees, 'Plaintiff[']s] claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'") (quoting *Deleon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007)); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (same).

[108] 28 C.F.R. § 0.111(d)-(e).

[109] *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

[110] *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988).

[111] *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (placement in administrative segregation, even when it is based on false information, does not implicate a liberty interest).

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court recognized that a prisoner only has a liberty interest when a custody change resulting from a disciplinary action "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[112]  In *Sandin*, the Court held that the prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," when the confinement essentially mirrors the conditions imposed on other similarly situated inmates.[113] Federal courts will not interfere with discretionary classification decisions except in extreme circumstances, which have not been alleged here.[114]  Foreman has not alleged that she was subject to extreme or harsh conditions of confinement in SHU as a result of her temporary custody level change or placement in SHU.

For these reasons, even if Foreman could identify an individual deputy U.S. Marshal, her claim is legally frivolous and otherwise fails to state a claim for which relief can be granted.  This claim should also be dismissed with prejudice.

## IV.    RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Renata Rochelle Foreman's 42 U.S.C. § 1983 claims against defendants U.S. Marshal's Service and Chief Judge Shelly D. Dick, FBI Agents Josh Wilburn, Stephanie Hanson, and Thomas Gohkey, Agent DOL-OIG Michael Greer, and Magistrate Judges Janis Van Meerveld and Karen Wells Roby, each in an official and individual capacity, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and

---

[112] *Id*. at 484.
[113] *Id*. at 486.
[114] *Hernandez*, 522 F.3d at 562; *Jackson v. Cain*, 864 F.2d 1235, 1247-48 (5th Cir. 1989); *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971).

§ 1915A as malicious, frivolous, and otherwise for failure to state a claim for which relief can be granted.

It is further **RECOMMENDED** that Foreman's *Bivens* claims against defendants U.S. Marshal's Service and Chief Judge Dick, FBI Agents Wilburn, Hanson, and Gohkey, Agent DOL-OIG Greer, and Magistrate Judges Van Meerveld and Roby, each in an official capacity, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as malicious, frivolous, and otherwise for failure to state a claim for which relief can be granted.

It is further **RECOMMENDED** that Foreman's *Bivens* claims against defendants Chief Judge Dick, Magistrate Judges Van Meerveld and Roby, and the unknown deputy U.S. Marshals, each in an individual capacity, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as malicious, frivolous, failure to state a claim for which relief can be granted, and/or for seeking monetary relief against an immune defendant.

It is further **RECOMMENDED** that Foreman's *Bivens* claims against defendants FBI Agents Wilburn, Hanson, and Gohkey, Agent DOL-OIG Greer, each in an individual capacity, be **DISMISSED WITH PREJUDICE** as malicious and/or until such time as the *Heck* conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[115]

New Orleans, Louisiana, this __15th__ day of May, 2023.


DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[115] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.